IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS CEBALLOS, | ) | 1:03-cv-05801-OWW-SMS-P |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER TO SHOW CAUSE WHY** |
| v. | ) | **ACTION SHOULD NOT BE** |
| | ) | **DISMISSED FOR PLAINTIFF'S** |
| AARON FOUCH, | ) | **FAILURE TO PROSECUTE THE** |
| | ) | **ACTION** |
| Defendant. | ) | |
| | ) | |

    Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.

    On August 16, 2005, the court issued an Order Adopting Findings and Recommendations and Denying Motion for Summary Judgment, and served said order on plaintiff. On September 6, 2005, the order served on plaintiff was returned by the U.S. Postal Service as undeliverable. A notation on the envelope indicated: Return to Sender - Attempted - Not Known.

    Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or

her current address at all times.  To date, plaintiff has not notified the court of any change in address or otherwise been in contact with the court.  Absent such notice, service at a party's prior address is fully effective.  See Local Rule 83-182(f).

The Court notes that it issued a Second Scheduling Order setting the matter for trial on July 15, 2005.  While it appears that this order reached Plaintiff as it was not returned the Court, it is the subsequent Order issued on August 2, 2005, ruling on Defendants request to modify the scheduling order and ordering Plaintiff to provide Defendants with a telephone number where he could be reached in order to make a telephonic appearance before the Court on October 13, 2005.[1]

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

---

[1] It is unclear at this time whether or not Plaintiff has provided this information to Defendants as ordered by the Court but given that the Order was returned to the Court as undeliverable, it may be the case that he has not.

requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

Accordingly, Plaintiff is ORDERED to show cause within TWENTY (20) days of the date of service of this Order why the action should not be dismissed for his failure to prosecute.

IT IS SO ORDERED.

**Dated:   September 20, 2005**            /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE