1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT FOR THE
9              EASTERN DISTRICT OF CALIFORNIA
10
11  JESUS CEBALLOS,              )          1:03-cv-05801-OWW-SMS-P
                                 )
12          Plaintiff,           )
                                 )
13  vs.                          )          **FINDINGS AND RECOMMENDATIONS**
                                 )          **RE DISMISSAL OF ACTION**
14  AARON FOUCH,                 )          (Doc. 41)
                                 )
15          Defendant.           )
    _____)
16

17      Plaintiff, Jesus Ceballos ("plaintiff"), is a former state

18  prisoner proceeding pro se and in forma pauperis in this civil

19  rights action pursuant to 42 U.S.C. § 1983.

20      On September 21, 2005, the court issued an order requiring

21  plaintiff to show cause, within twenty (20) days from the date of

22  service of that order, why this action should not be dismissed for

23  his failure to prosecute.  The twenty-day period has passed, and

24  plaintiff has failed to comply with or otherwise respond to the

25  court's order.

26      Local Rule 11-110 provides that "failure of counsel or of a

27  party to comply with these Local Rules or with any order of the

28  Court may be grounds for the imposition by the Court of any and all

                                   1

sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

2

1    In the instant case, the court finds that the public's

2  interest in expeditiously resolving this litigation and the court's

3  interest in managing the docket weigh in favor of dismissal.  The

4  third factor, risk of prejudice to defendants, also weighs in favor

5  of dismissal, since a presumption of injury arises from the

6  occurrence of unreasonable delay in prosecuting an action.

7  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth

8  factor -- public policy favoring disposition of cases on their

9  merits -- is greatly outweighed by the factors in favor of

10  dismissal discussed herein.

11    Accordingly, the court HEREBY RECOMMENDS that this action be

12  DISMISSED based on plaintiff's failure to obey the court's order of

13  September 21, 2005, and failure to prosecute.

14    These Findings and Recommendations are submitted to the United

15  States District Judge assigned to the case, pursuant to the

16  provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15)**

17  **days** after being served with these Findings and Recommendations,

18  plaintiff may file written objections with the court.  Such a

19  document should be captioned "Objections to Magistrate Judge's

20  Findings and Recommendations."  Plaintiff is advised that failure

21  to file objections within the specified time may waive the right to

22  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

23  (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:   October 27, 2005**          **/s/ Sandra M. Snyder**

26  icido3                                 UNITED STATES MAGISTRATE JUDGE

27

28

3